UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH ADAM MANN,

                Petitioner,

     -against-

SUPERINTENDENT,

                Respondent.

20-CV-10223 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Petitioner, currently incarcerated in the Downstate Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the execution of his state sentence.[1] By order dated January 6, 2021, the Court granted Petitioner's request to proceed *in forma pauperis*. For the following reasons, the Court dismisses the action without prejudice to Petitioner's filing a new *habeas corpus* petition after he fully exhausts his state court remedies.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and deny a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

---

[1] Petitioner filed this petition in the United States District Court for the Eastern District of New York, and that court transferred the matter here. *See Mann v. Superintendent*, No. 20-CV-4688 (E.D.N.Y. Dec. 1, 2020). Chief Judge McMahon issued an order directing Petitioner to either pay the $5.00 filing fee to bring this action, or submit a signed application for leave to proceed *in forma pauperis* (IFP). Petitioner submitted an IFP application, which was granted on January 6, 2021.

district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The petition contains the following allegations. On August 18, 2020, Petitioner was convicted of violating his term of state parole supervision. Although "[the New York State Department of Corrections and Community Supervision (DOCCS)] has 45 days to get a parole violator to a 90 alt program," and the "acceptance of delays" is not allowed, Petitioner has "been ready since 8.18.20." (*Id.* ¶ 13.) Petitioner's "lawyer told [him] everything was handle[d], though they wasn't moving anyone." (*Id.* ¶ 7(b).) A court clerk in Middletown, New York "failed to push paperwork [through] to the Orange County Jail stating [he] was state ready and done with everything." (*Id.*)

When prompted on the petition form to describe the decision or action Petitioner is challenging, he writes, "Timeliness of Alt 90," "430.30, CPL 584," and "N.Y.C.R.R. 8005.20." (ECF 1 ¶ 6.) Petitioner purports to seek the following relief: "(1) Revoke and restore me to parole, and (2) credit me with time served to my 90 Alt. Release would be November 16, 2020." (*Id.* ¶14.) Attached to the petition is a form that is signed by an administrative law judge and dated August 18, 2020. It indicates that 24 months of "delinquent time" was assessed against Petitioner "with Alt 90 day Drug Treatment Program," and that the "estimated delinquent time assessment expiration date" is May 21, 2022. The form also informs Petitioner of his right to

appeal. (*Id.* at 9.)

## DISCUSSION

**A.     Designation of petition as brought under 28 U.S.C. § 2254**

The Court construes the petition as one for a writ of *habeas corpus* under § 2254 because Petitioner challenges DOCCS's execution of his state sentence; the proper vehicle for such a challenge is a petition brought under 28 U.S.C. § 2254, not 28 U.S.C. § 2241. *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278–79 (2d Cir. 2003); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (challenges to the validity of prison administrative actions that affect the fact or length of the state convicted prisoner's confinement are properly brought under 28 U.S.C. § 2254). Petitioner asserts that DOCCS failed to timely transfer him to a drug treatment program as directed by the administrative law judge who presided over his parole-revocation proceeding.

Because such a claim is a challenge to the execution of Petitioner's state sentence, it must be brought under § 2254. Ordinarily, the Court would give Petitioner an opportunity to withdraw this petition if he does not want to pursue relief under § 2254, because he will have only one opportunity within the limitations period for a full adjudication of his claims. *See Cook*, 321 F.3d at 282. Because Petitioner has failed to exhaust his state-court remedies, however, the Court dismisses his petition without prejudice to his filing a § 2254 petition after he has exhausted his available state-court remedies.

**B.     Exhaustion of state-court remedies**

A state prisoner must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under § 2254. 28 U.S.C. § 2254(b)(1)(A); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with a petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by

3

fairly presenting his claims through a state's established appellate-review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

Because Petitioner does not allege any facts suggesting that he has exhausted his available state court remedies, the petition is dismissed without prejudice.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Court dismisses the petition without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b). Petitioner may file a § 2254 petition once he has done so.

SO ORDERED.

Dated: February 3, 2021
New York, New York

                                                             *Louis L. Stanton*
                                                             Louis L. Stanton
                                                             U.S.D.J.

---

[2] After issuance of a parole violation warrant, parole-revocation proceedings begin with a preliminary hearing; if the petitioner is found to be delinquent, a final hearing will be scheduled not more than ninety days after the preliminary hearing took place. N.Y. Comp. Codes R. & Regs. tit. 9, § 8005.17(a). If the petitioner's parole is revoked at the final hearing, in order to exhaust claims arising out of the hearing, a petitioner must take the following steps: (1) appeal to the DOCCS's Appeals Unit; (2) file an Article 78 petition in a New York State Supreme Court; (3) appeal to the Appellate Division; and (4) seek leave to appeal in the New York Court of Appeals. *Id.*; N.Y. C.P.L.R. Art. 78; *see, e.g.*, *O'Kane v. Kirkpatrick*, 2011 WL 2470522, *4 (W.D.N.Y. June 20, 2011) (holding that § 2254 required petitioner to appeal denial of his Article 78 petition to Appellate Division and New York Court of Appeals in order to exhaust his claims).